(No. 14994.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL SEGAL, Plaintiff in Error.

*Opinion filed December 19, 1922—Rehearing denied Feb. 9, 1923.*

1. CRIMINAL LAW—*by pleading guilty defendant waives former plea of not guilty.* By entering a plea of guilty to the confidence game count the defendant waives and abandons his former plea of not guilty to the whole indictment, and the only plea to be considered by the court is the plea of guilty; and the fact that the indictment also charges larceny is immaterial, where the court, in sentencing the defendant, considered only the crime of the confidence game.

2. SAME—*Indeterminate Sentence act is valid.* The Indeterminate Sentence act does not violate either the constitution of Illinois or of the United States. (*People* v. *Doras,* 290 Ill. 188, followed.)

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. TIMOTHY D. HURLEY, Judge, presiding.

LESTER E. WILLIAMS, and CHARLES P. R. MACAULAY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error (hereafter referred to as defendant) was indicted in the criminal court of Cook county. The first count charged him with obtaining $250 from the Woodlawn Trust and Savings Bank, a corporation, by means of the confidence game. The second count charged defendant with the larceny of $250 belonging to the same corporation. The third count charged defendant with unlawfully, fraudulently and feloniously obtaining credit from the same corporation to the extent of $215 by means of the confidence game. Defendant was arraigned and entered a plea of

*nolo contendere.* Subsequently he entered a plea of not guilty. Later, by leave of the court, he withdrew the plea of *nolo contendere* and entered a plea of guilty "of confidence game." He was fully advised by the court of the consequences of his plea but persisted in his plea, which was accepted and entered of record. The court heard evidence and found the "value of the property so stolen" to be $250. Motion in arrest of judgment was overruled and defendant sentenced to an indeterminate term in the penitentiary.

There is no bill of exceptions in the record. The first objection raised by defendant is that the plea of not guilty was not withdrawn when the plea of guilty "of confidence game" was entered, and the court should have empaneled a jury to try the case and determine which of the offenses charged in the indictment he was guilty of, and that it would appear from the record the court held the plea of guilty of the confidence game embraced larceny. The judgment is that on his plea of guilty defendant was adjudged guilty of the confidence game and for that crime sentenced to imprisonment in the penitentiary. There is nothing in the judgment to indicate anything else was considered than defendant's plea of guilty to the confidence game, and for that crime, only, he was sentenced to imprisonment. By entering his plea of guilty defendant withdrew or waived and abandoned his plea of not guilty, and there was no plea to be considered before the court except the plea of guilty.

Defendant again raises the question of the constitutionality of the Indeterminate Sentence statute, contending if not in violation of the constitution of the United States it is of the constitution of this State. We have heretofore considered the question, decided it adversely to defendant's contention, and do not deem it necessary to again discuss it. *People v. Doras,* 290 Ill. 188, and subsequent cases following and adhering to that decision.

The judgment is affirmed.          *Judgment affirmed.*